```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**IDEAL BRANDS LIMITED**
**PARTNERSHIP**, *et al.*,

        Plaintiffs,

  vs.                              **Civil Action 2:05-CV-131**
                                      **Judge Frost**
                                      **Magistrate Judge King**

**MICHAEL SPENCER-SMITH,**
*et al.*,

        Defendants.

### REPORT AND RECOMMENDATION

Plaintiffs Ideal Brands Limited Partnership [hereinafter "Ideal"] and Performance Enhancers, LLC [hereinafter "PELLC"] instituted this action in state court, asserting claims of fraudulent inducement, negligent misrepresentation, unjust enrichment and conversion in connection with an investment in a technology patented and licensed by defendant Spencer-Smith.  Ideal is identified as an Ohio limited partnership with its principal place of business in Ohio; PELLC is an Ohio limited liability company with its principal place of business in Columbus, Ohio.  Ideal is a member of PELLC; some of PELLC's other members reside in California.  *Complaint,* ¶¶1-2.  Defendants are identified as California residents.  *Complaint,* ¶¶3-4.  The action was removed to this Court as a diversity action, 28 U.S.C. §1332.  This matter is now before the Court on plaintiffs' motion to remand, Doc. No. 8.

Defendants removed the matter pursuant to 28 U.S.C. §1441, which provides that "any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the ... defendants. ..." 28 U.S.C. §1441(a). The parties seeking removal bear the burden of establishing the right to do so. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332 (6th Cir. 1989); *City of Tipp City v. City of Dayton,* 204 F.R.D. 388 (S.D. Ohio 2001). Moreover, any doubt as to whether remand is appropriate must be resolved in favor of remand. *Andrews v. Electric Motor Systems, Inc.,* 767 F.Supp. 853, 855 (S.D. Ohio 1991)(citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *Bergmann v. Pennsylvania O&D RR. Co.,* 38 F.2d 209 (6th Cir. 1930)).

Defendants removed this case as one arising under this Court's diversity jurisdiction, 28 U.S.C. §1332. Diversity jurisdiction requires that each defendant be a citizen of a state different from that of each plaintiff. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 829 (1989); *Rose v. Giamatti,* 721 F.2d 906, 910 (S.D. Ohio 1989). The removing defendants have the burden of proving that the requirements of diversity jurisdiction under 28 U.S.C. §1332 have been met. *Gafford v. General Electric Co.,* 997 F.2d 150, 155 (6th Cir. 1993).

The removing defendants concede that the shared California residency of defendant Spencer-Smith and certain members of PELLC calls into question the propriety of the removal of this case.[1] *Notice of Removal*, at p.2. Doc. No. 1. Nevertheless, defendants justify removal because "plaintiff PELLC's status as a plaintiff in this action has been fraudulently advanced solely to defeat federal jurisdiction." *Id.,* at

---

[1] The parties appear to agree that the citizenship of PELLC, for diversity purposes, includes that of its members. *See Homfeld II, LLC v. Comair Holdings, Inc.,* 53 Fed. Appx. 731, 732 (6th Cir. 2002)(unpublished). *See also Rose v. Giamatti, supra,* 721 F.Supp. 906, 912 (S.D. Ohio 1989)[Major League Baseball is an unincorporated association deemed a citizen of its members for purposes of diversity jurisdiction.]

3. In particular, defendants contend that PELLC is bound by the obligations of the License Agreement, attached as Exhibit A to the *Complaint*, which provides that any dispute connected to that License Agreement "shall be governed, enforced and construed under the laws of California," and that "[a]ny suit or proceeding arising out of, under or in connection with this [License] agreement <u>shall</u> be brought and determined in the appropriate U.S. federal or state court <u>in the Northern or Central District of California</u>, and in <u>no other forum</u>." *Notice of Removal,* at p. 3. [emphasis supplied]. Because, the removing defendants contend, PELLC may bring the claims asserted in this action only in California, this Court may properly ignore the citizenship of PELLC; because the remaining claims in the action are indisputably "between citizens of different states," the Court may exercise diversity jurisdiction over those claims.

"It is fundamental law that a plaintiff cannot confer jurisdiction upon the federal court, nor prevent a defendant from removing a case to the federal court on diversity grounds, by plaintiff's own determination as to who are proper plaintiffs and defendants to the action." *Rose v. Giamatti, supra,* 721 F.Supp. at 913. Thus, the fraudulent joinder of a non-diverse party will not defeat removal based upon diversity jurisdiction. *Boladian v. UMG Recordings, Inc.,* 123 Fed. Appx. 165, 167 (6th Cir. 2005)(unpublished). On the other hand, if there is "at least a colorable cause of action" asserted by or against the non-diverse party, then remand is appropriate. *See Jerome-Duncan, Inc. v. Auto-By-Tel, Inc.,* 176 F.3d 904 (6th Cir. 1999). Any disputed question of fact or ambiguity in the controlling state law must be resolved in favor of the non-removing party. *Coyne v. American Tobacco Co.,* 183 F.3d

488, 493 (quoting *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994)).

In determining whether or not there has been fraudulent joinder, the actual motive of the parties or their counsel is not determinative. *Coyne,* 183 F.3d at 493; *Rose v. Giamatti,* 721 F.Supp. at 914. Rather, the Court "must disregard nominal or formal parties to the action and determine jurisdiction based only upon the citizenship of the real parties to the controversy." *Rose v. Giamatti,* 721 F.Supp. at 914. (citing *Navarro Savings Ass'n v. Lee,* 446 U.S. 458 (1980)). "In contrast to a 'real party in interest,' a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit, ... or no actual interest or control over the subject matter of the litigation." *Rose v. Giamatti,* at 914 [citations omitted].

Defendants' theory of fraudulent joinder of PELLC is summarized in its memorandum *contra* the motion to remand:

> The forum selection clause to which Plaintiff PELLC is bound provides that California law shall apply in disputes -- like this one -- connected with the License Agreement and that any dispute arising in connection with the Agreement shall be brought in California, "and in no other forum." The clause is enforcible against PELLC by both Defendants. Thus, pursuant to the forum selection clause, PELLC may only bring the claim stated in its Complaint under <u>California</u> law and in federal or state court in <u>California</u>. Accordingly, PELLC has <u>no</u> colorable claim against Spencer-Smith or NCDL under <u>Ohio</u> law or in an <u>Ohio</u> state court.
>
> Thus, a finding of PELLC's fraudulent joinder is sound and warranted, and removal is proper because, as Plaintiffs agree, diversity exists among the remaining parties -- Plaintiff Ideal Brands and both Defendants.

*Memorandum contra,* at p. 15, Doc. No. 12 [emphasis in original]. The problem with this reasoning is that it purports to prove too much;

4

defendants make the same argument in their motion to dismiss or to transfer the action, Doc. No. 7, which is addressed to all claims and both plaintiffs. Under these circumstances, it cannot be said that plaintiff PELLC, "in a genuine legal sense, has no interest in the result of the suit, ... or no actual interest or control over the subject matter of the litigation." *Rose v. Giamatti, supra,* 721 F.Supp. at 914.

The fraudulent joinder doctrine requires a determination that the challenged party was joined in the action for the express purpose of defeating jurisdiction: "When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery ... and that showing is equally dispositive of all [parties] rather than to the non-diverse [party] alone, the requisite showing has not been made." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 575 (5th Cir. 2004)(*en banc*), *cert. denied* 125 S.Ct. 1825 (2005).

Whether or not either plaintiff can prevail against either defendant is a merits determination that should properly be left to the state court in which this action was originally filed.

It is therefore **RECOMMENDED** that plaintiffs' motion to remand be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed

within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


June 28, 2005                              *s/Norah McCann King*
                                       Norah McCann King
                                  United States Magistrate Judge