```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**IDEAL BRANDS LIMITED**
**PARTNERSHIP,** *et al.,*

        **Plaintiffs,**

  **vs.**                                **Civil Action 2:05-CV-131**
                                                **Judge Frost**
                                               **Magistrate Judge King**

**MICHAEL SPENCER-SMITH,**
*et al.,*

        **Defendants.**

## OPINION AND ORDER

        This action was removed by defendants to this Court as a diversity action under 28 U.S.C. §1332.  Recognizing that at least one of the defendants and plaintiff Performance Enhancers, LLC, ["PELLC"] share California residency, defendants took the position that the claims of PELLC should be disregarded.  However, plaintiffs dispute the propriety of removal and filed a motion to remand.  Doc. No. 8.  On June 28, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending that the motion to remand be granted.  Doc. No. 18.  This matter is now before the Court on defendants' objections to the *Report and Recommendation,* which the Court will consider *de novo.*  28 U.S.C. §636(b).

        In support of their removal of the action, defendants argue that the claims of plaintiff PELLC cannot proceed.  Defendants specifically contend that a forum selection clause to which PELLC is allegedly bound requires that disputes arising out of the parties' agreement be brought and determined in a federal or state court in the

northern or central district of California. *Notice of Removal,* at p.3. Thus, defendants contend, the non-diverse plaintiff, PELLC, cannot assert a colorable claim against the defendants in this or any other court located in the State of Ohio. In her *Report and Recommendation,* the Magistrate Judge noted that the same argument is presented in defendants' motion to dismiss or to transfer the action, *see* Doc. No. 7, which is addressed to all claims and to both plaintiffs. The Magistrate Judge concluded that, under these circumstances, the claims of the non-diverse plaintiff had not been fraudulently joined so as to defeat removal jurisdiction: "'When the only proper justification for improper joinder is that there is no reasonable basis for predicting recovery ..., and that the showing is equally dispositive of all [parties] rather than to the non-diverse [party] alone, the requisite showing [of improper or fraudulent joinder] has not been made.'" *Report and Recommendation,* at p.5, *quoting Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 575 (5th Cir. 2004) (*en banc*), *cert. denied,* 125 S.Ct. 1825 (2005). Defendants challenge the Magistrate Judge's conclusion as well as her reliance on *Smallwood.*

Defendants characterize *Smallwood* as "aberrant." *Objections,* at p.6. To the contrary, however, *Smallwood* is itself based on the decision of the United States Supreme Court in *Chesapeake & Ohio Ry. Co. v. Cockrell,* 232 U.S. 146 (1914). In *Cockrell,* the Supreme Court characterized as non-removable an action in which the plaintiff had asserted claims of negligence against a railroad and its employees. Rejecting the railroad company's claim of fraudulent joinder of its employees, the Supreme Court reasoned:

> As no negligent act or omission personal to the railway company was charged, and its liability,

> like that of the two employees was, in effect, predicated upon the alleged negligence of the latter, the showing manifestly went to the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiffs' case was ill-founded as to all defendants. Plainly, this was not such a showing as to engender or compel the conclusion that the two employees were wrongfully brought into a controversy which did not concern them.

*Cockrell,* 232 U.S. at 146.  *Smallwood* does not reflect the only construction of *Cockrell* in this manner.  *See e.g. Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 113 (3d Cir. 1990); *Simmons v. Norfolk Southern Ry. Co.,* 324 F.Supp. 2d 914, 916 (S.D. Ill. 2004); *In re New England Mut. Life Ins. Co. Sales Practices Litigation,* 324 F.Supp. 2d 288, 304 (D.Mass. 2004)["fraudulent joinder does not exist when the argument offered to prove fraudulent joinder of non-diverse [parties] simultaneously shows that no case can be made against the diverse [parties]."] *See also Riverdale Baptist Church v. Certainteed Corp.,* 349 F.Supp. 2d 943, 951 (D.Md. 2004); *See also Adams v. Duff,* 2004 WL 3103778 *2 (E.D.Ky. 2004)(unpublished)(considering, but rejecting, the merits of the *Smallwood* analysis].

Under these circumstances, the Court agrees that defendants cannot carry their burden of establishing that the claims of PELLC were improperly joined in the action so as to defeat this Court's removal jurisdiction.

Defendants' objections to the *Report and Recommendation* are therefore **DENIED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.

Plaintiffs' motion to remand, Doc. No. 8, is **GRANTED.**

3

This action is hereby **ORDERED REMANDED** to the Court of Common Pleas for Franklin County, Ohio.

    /s/ Gregory L. Frost
Gregory L. Frost
United States District Judge