UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IDEAL BRANDS
LIMITED PARTNERSHIP, et al.,

              **Plaintiffs,**               **Case No. 2:05-cv-131**
                                         **JUDGE GREGORY L. FROST**
    **v.**                         **Magistrate Judge Norah McCann King**

MICHAEL SPENCER-SMITH, et al.,

              **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees.  (Doc. # 24.)

Plaintiffs move for an award of attorney's fees incurred as a result of Defendants' removal of

this action from state court.  (Docs. # 21, 22.)  This Court subsequently found removal to be

improper and remanded the case to state court.  Defendants oppose Plaintiffs motion on the

grounds that removal was "fairly supportable" under existing law.  As a result, Defendants claim

that an award of attorney's fees would be inappropriate.  For the reasons that follow, the Court

finds Plaintiffs Motion for Attorneys' Fees is not well taken.

### I.  Background

On December 27, 2004, Plaintiffs, Ideal Brands Limited Partnership ("Ideal Brands") and

Performance Enhancers LLC ("PELLC"), filed an action in the Franklin County (Ohio) Court of

Common Pleas, asserting claims for fraudulent inducement, negligent misrepresentation, unjust

enrichment, and conversion against Defendants, Michael Spencer-Smith ("Michael-Smith") and

Northern California Diagnostic Laboratories, Inc. ("NCDL").

On February 8, 2005, Defendants removed the action to this Court based upon alleged diversity of citizenship.  (Doc. # 1.)  Although Defendants and PELLC were all California residents for diversity purposes, Defendants asserted that PELLC's status as a plaintiff in this action has been fraudulently advanced solely to defeat federal jurisdiction."  (Doc. # 1, at 3).

## II.  Discussion

Pursuant to 28 U.S.C. § 1447(c), a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the [defective] removal of an action from state court."   The decision to award attorney's fees is within the district court's discretion.  *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993).  In exercising that discretion, a court must remain cognizant that "a finding of an improper purpose is not necessary to support an award."  *Id.*   A court is not required to award attorney's fees, however, whenever removal is found to be improper; section 1447(c) expressly grants discretion to the district court by providing that a court "may" require the payment of such fees.  An award of attorney's fees is thus inappropriate "where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove."  *Ahearn v. Charter Twp. of Bloomfield*, 149 F.3d 1182, 1998 WL 384558, at *2 (6th Cir. 1998) (unreported table decision) (citation omitted).

The question this Court must answer is therefore whether Defendants' position on removal was fairly supportable.  *See Litchfield v. United Parcel Service, Inc.*, No. C2-99-965, 2001 WL 345454, at *2 (S.D. Ohio 2001).  In the instant case, Defendants argued that PELLC had no colorable claim under Ohio law or in an Ohio court because "it is bound to Section 10.3

of the License Agreement, which provides that the laws of California shall apply in disputes

connected with the Agreement and that any such disputes shall be brought exclusively in

California." (Doc. # 26, at 3.)  Defendants cited to various cases in which federal courts relied

on forum selection clauses in determining remand motions.  Although Defendants' theory of

removal ultimately failed to prevail, their argument was fairly supported by the case law so as to

make an award of attorney's fees inappropriate.

### III.  Conclusion

For the foregoing reasons, the Court in its discretion **DENIES** Plaintiffs' Motion for

Attorneys' Fees.  (Doc. # 24.)

**IT IS SO ORDERED**.


                                    s/ Gregory L. Frost
                                    GREGORY L. FROST
                                    UNITED STATES DISTRICT JUDGE